JOHN M. MEREDITH v. SARAH MEREDITH *et al.*

EJECTMENT — *Trial by Court — Findings — Erroneous Judgment.* Plaintiff, claiming under a quitclaim deed from one of the defendants and her deceased husband, brought suit to recover 80 acres of land. The defendants answered, alleging that the quitclaim deed was intended as a mortgage to secure payment to the plaintiff of $1,000 and interest. On the trial, the plaintiff admitted the facts alleged in the answer, and asked leave to amend the petition in accordance therewith. This was refused by the court. The court made special findings of fact sustaining the averments of the answer, and showing that the transaction was a mortgage; that the sum of $1,000, with interest from the date of the deed, is secured thereby, but refused to grant the plaintiff any relief, and entered judgment for the defendant. *Held*, Error; and ordered, that judgment be entered on the special findings, directing the sale of the lands in controversy to satisfy the plaintiff's lien.

*Error from Brown District Court.*

THIS was an action of ejectment brought by the plaintiff in ·error to recover 80 acres of land in Brown county. The defendants answered, denying the plaintiff's title, and alleging that on April 17, 1880, Sylvester T. Meredith borrowed from the plaintiff $1,000, and with his wife, the defendant Sarah Meredith, executed a quitclaim deed conveying this land to the plaintiff, as security only for the payment of said sum of money; that the plaintiff and the defendants had always regarded and treated said deed as a mortgage; that on April 20, 1885, the plaintiff brought suit to recover said ·$1,000, with interest, and to have said quitclaim deed treated as a mortgage, and the mortgage foreclosed for the payment of said sum of money. The defendants are the widow and ·children of said Sylvester T. Meredith. To the answer of ·defendants Sarah and Nettie Meredith, a copy of the plaintiff's petition in the action referred to in the answer is attached. To that petition, a copy of the quitclaim deed and ·of a bond to reconvey on payment of the $1,000 were attached as exhibits. The action was tried by the court without a jury, and, after both plaintiff and defendants had introduced their testimony in chief and rested, the plaintiff asked leave to amend his petition to conform to the facts shown in the case, which were substantially as stated in his petition in the former action. This the court refused to permit. After the conclusion of the testimony, the court made special findings of fact, as follows:

### FINDINGS OF FACT.

"1. I find that on April 17, 1880, one Sylvester T. Meredith was the owner of and in the possession of the west half of the northeast quarter of section No. 15, in township No. 3, range No. 17, Brown county, Kansas.

"2. On said mentioned date, for the purpose of paying off a mortgage on said premises, and also on the east 80 acres on said quarter section, to one John S. Buell, the holder thereof, which mortgage was for the sum of $1,000, the said Syl-

vester Meredith obtained a loan of the plaintiff for said
sum of money, and to secure the payment thereof, said Syl-
vester Meredith and Sarah Meredith executed and delivered
to plaintiff their quitclaim deed, conveying to said plaintiff the
west half of the southeast quarter of section No. 15, township
No. 3, range No. 17, Brown county, Kansas. Said deed
was duly acknowledged at said date of its execution, and a
copy of said deed was, on the 27th day of November, 1880,
recorded in the office of the register of deeds for Brown
county, Kansas.

"3. Ever since the conveyance of said land as aforesaid,
the defendants have been in the actual possession thereof, and
the said Sylvester Meredith died on or about the 18th day of
September, 1881, leaving his widow and the following-named
children: Nettie Meredith, John M. Meredith, jr., Charles
Meredith, and Lois Meredith, his only surviving heirs at law.

"4. It does not sufficiently appear from the evidence when
said loan was to be paid. No part of the same has been paid
to plaintiff. On April 20, 1885, the said. plaintiff, John
M. Meredith, filed his petition in this court against Sarah
Meredith and the other defendants herein, upon the quitclaim
deed mentioned in the second finding and a certain contract
or bond for a deed dated April 17, 1880, purporting to be
signed by John M. Meredith and Delilah Meredith, and
agreeing to convey the same land in said deed mentioned to
Sylvester T. Meredith, on the payment by him of $1,000 on or
before April 17, 1885, which said petition prayed for a judg-
ment for $1,000 and interest, and certain other sums of money
expended for taxes on said land, and praying that, in default
of payment of said several sums of money, said land be or-
dered sold and the proceeds applied in payment thereof, and
praying further, that in case the court shall fail to find that
said quitclaim deed and title bond to be in effect a mortgage,
then that the plaintiff be adjudged the absolute owner in fee
simple of said real estate."

"6. Defendant Sarah Meredith filed her answer, denying
under oath the execution of said title bond by John M. Mer-
edith and Delilah Meredith, and said defendant further
pleading the three-years and five-years statutes of limitation
respectively as against said alleged indebtedness and said title
bond, and setting up certain other defenses, and said other de-
fendants also filed their answer denying the execution of said
title bond and pleading the statute of limitations.

"7. Said suit was, on the 31st day of October, 1885, dismissed without prejudice to a future action, on the application of the plaintiff, and at the costs of the plaintiff."

### CONCLUSIONS OF LAW.

"From the foregoing facts I find, as conclusions of law applicable thereto, that the quitclaim deed of Sylvester Meredith and Sarah Meredith to the plaintiff is in effect a mortgage to secure the payment of a loan of $1,000, and the plaintiff is not entitled to recover in this action, and defendants should have judgment for costs."

And thereupon the court rendered judgment for the defendants.

The plaintiff brings the case here.

*A. F. Martin*, and *J. F. Tufts*, for plaintiff in error.

*Ira J. Lacock*, and *James Falloon*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: Objection is made by the defendants in error to the consideration of this case, on the ground that the petition in error was not filed within one year after the rendition of judgment. The trial appears to have been commenced on the 22d day of November, 1887. The record recites: "On the 29th day of November, during said term of court, the court made, found and filed the following findings of fact and conclusions of law." As the record was filed in this court on the 26th day of November, 1888, the objection is untenable.

It is also objected that there is no certificate of the clerk attesting the genuineness of the copies of the pleadings and proceedings in the action. As this is a case-made, no such certificate is necessary. The case was duly settled by the trial judge, and as his signature is attested by the clerk of the court, it is all that is required.

While the conduct of the parties with respect to the enforcement of their rights is peculiar, the facts disclosed by the record are very simple, and there is no substantial conflict whatever in the testimony, which fully supports the find-

ings of the court. Sylvester T. Meredith borrowed from his
father, the plaintiff, $1,000. To secure the payment of this
sum, he and his wife executed a quitclaim deed to the plain-
tiff. The plaintiff and his wife then executed a bond cove-
nanting to reconvey the lands to said Sylvester T. Meredith on
the payment of said $1,000, with 8 per cent. interest, on or
before April 17, 1885. Sylvester T. Meredith and the de-
fendants, who are his widow and children, continued to occupy
the land, and the defendants were still in possession of it at
the time this suit was brought. There is no claim that this
money, or any part of it, has ever been repaid to the plain-
tiff. The two instruments construed together constitute a
mortgage as effectually as though embodied in one instrument.
The plaintiff is entitled to a foreclosure of this mortgage and
sale of the premises for the payment of the debt. Can he ob-
tain such foreclosure and sale in this action?

The plaintiff, in his petition, sought to recover the land
The defendants, in their answer, admitted the conveyance of
the legal title to the plaintiff, and asserted that it was for the
purpose of securing the repayment of this money. On the
trial, the plaintiff confessed the contention of the defendants,
and asked leave to amend the petition to conform to the alle-
gations of the answer. We think no such amendment
strictly necessary. When the plaintiff confessed the truth of
the answer, the controversy came to an end, and the court
should then have pronounced judgment in accordance with
the facts disclosed. The contention that the defendants had
a right to again change their position and raise new issues is
not sound. It was incumbent on the defendants, after set-
ting up the facts showing the conveyance to the plaintiff to
be only a mortgage, to show that the mortgage was paid or
otherwise discharged, if that were the fact. It is the policy
of the law to settle all controversies with reference to the
subject-matter in one action wherever it is practicable to do
so, and we think it was incumbent on both parties to fully
state their claims in this case. The plaintiff claimed the
whole property. Under averments of the answer which

were sustained by the evidence in the case, it was disclosed that he was not entitled to the whole property, but was entitled to a lien for the payment of the money secured by the quitclaim deed.    We think the bond for reconveyance clearly shows that the defendants had until the 17th of April, 1885, to repay the money borrowed.

The contention of the plaintiff, that the defendants, having denied the execution of the bond to reconvey under oath, are now estopped from setting it up, is not sound, and especially so in view of the fact that that denial was only made by one of the defendants.    An affidavit on information and belief, such as that made by the defendant Sarah Meredith in the former action, for the purpose of raising an issue, and with reference to a fact of which she would not necessarily have any personal knowledge, does not contain the elements necessary to constitute estoppel.

The judgment in this case is reversed, with directions to the court below to enter judgment for the sale of the lands in controversy for the payment to the plaintiff of $1,000 and 8 per cent. interest from April 17, 1880, and costs of suit, and the balance, if any, to be distributed among the defendants according to their respective interests.

All the Justices concurring.